The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employee/employer relationship existed between plaintiff and defendant/employer.
3. Forsyth County is duly self-insured and Gallagher Bassett serves as the third-party administrator.
4. Plaintiff's average weekly wage will be determined from a Form 22 which was submitted by the defendant.
5. The date of the alleged injury in this matter was 23 August 1993.
6. Plaintiff's medical records from Reynolds Health Center, Thomas W. Littlejohn, M.D., Jerome E. Jennings, M.D., David B. Janeway, M.D., and Wayne Cannon Physical Therapy were stipulated into evidence. These medical records are a total of thirty-one pages.
7. The issues before this Commission are (i) whether plaintiff sustained a compensable injury by accident on 23 August 1993 and (ii) and if so, what compensation, if any, is plaintiff entitled.
EVIDENTIARY RULINGS
The objections raised in the depositions of Jerome E. Jennings, M.D., Thomas W. Littlejohn, M.D. and David V. Janeway, M.D. are OVERRULED.
* * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-four years old. Plaintiff had been an employee of the Medical Records Department of Reynolds Health Center, which is operated by Forsyth County, for twenty-four years.
2. Since November 1993, plaintiff has been employed as a microfilm coordinator, a position which consists for the most part of sitting and preparing inactive records to be microfilmed. Prior to November 1993 plaintiff was a Medical Records Assistant IV. Her duties as Medical Records Assistant included filing clinical charts, answering the telephone, interacting with the public, preparing records and interacting with other department members.
3. As a Medical Records Assistant IV plaintiff's regular duties included the supervision of five other employees, including four clerks whose primary responsibilities were retrieving and refiling of medical charts. As part of the supervision of these employees plaintiff was required to fill in for clerical workers when they were absent. Plaintiff would perform the clerk's normal responsibilities of retrieving and replacing the patient's charts. During 1993 plaintiff often filled in for the clerks who were absent.
4. The filing system in the Medical Records Department at the Reynolds Health Center consists of standard seven-shelf units. The lowest shelf is a few inches from the floor and the highest shelf is high overhead.
5. The number of charts retrieved and replaced each day varies according to the number of patients seen in the different clinics at the Reynolds Health Center.
6. In August 1993 the clinics at the Reynolds Health Center saw an average of approximately 250 patients on a day. The total number of charts to be retrieved and replaced would be divided between the four clerks in the Medical Records Department.
7. On 23 August 1993 plaintiff was filing charts on the bottom row of the shelving. As plaintiff was moving to an upward position she felt a pull in the back of her left leg. Plaintiff asked another employee to check the back of her leg because of the pain that she was experiencing.
8. On 23 August 1993 plaintiff was performing her normal work routine without interruption under normal working conditions when she injured her left leg. However, she did not injure her left leg as a result of an injury by accident.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident to the left leg on 23 August 1993 as she was performing her normal work routine without interruption under normal work conditions. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. In view of the foregoing, plaintiff's claim is hereby and the same shall be DENIED.
2. Each side shall bear its own costs.
This the 4th day of August 1997.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
S/ _____________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
DCS:jmf